UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEOPHILUS TARI AGEDAH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No.: 1:20-cv-01108 (UNA) |
| | ) |
| QUINCY L. BOOTH, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and application for leave to proceed *in forma pauperis*. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice.

Petitioner is an inmate at the District of Columbia Jail. He sues the Director of the District of Columbia Department of Corrections.[1] He alleges that he was initially detained in August 2019 as a result of outstanding warrants. He indicates that one of those warrants was issued in *United States v. Agedah*, No. 2018 CMD 018847 (D.C. Super. Ct. filed Dec. 26, 2018). He alleges that, since September 2019, all of the outstanding warrants against him have been quashed. He also states that the criminal prosecution in *U.S. v. Agedah* resulted in a hung jury and mistrial on January 13, 2020, and since that time, he has been improperly detained by the District of Columbia Department of Corrections. He seeks his immediate release, stating that no warrants or detainers

---

[1] Petitioner has also sued the incorrect respondent. A petitioner's "immediate custodian" is the proper respondent in a Section 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)).

are outstanding against him and that he is "not held in any other cases," since he was recently "exonerated."

Petitioner, however, is mistaken. A mistrial resulting from a hung jury is not an "exoneration." "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected." *Richardson v. United States*, 468 U.S. 317, 325–26 (1984). Further, a review of the docket in *U.S. v. Agedah* indicates that the case is still open and pending as the government has elected to retry the case, and trial is currently slated for scheduling. *See U.S. v. Agedah,* No. 2018 CMD 018847. This court may take judicial notice of the Superior Court docket in that matter. *See Banks v. York*, 515 F. Supp. 2d 89, 109 (D.D.C. 2007) (collecting cases).

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536–37(1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). Such is the case here. This court must also abstain from interfering in ongoing Superior Court proceedings. *See Hoai v. Sun Refining and Marketing Co., Inc*., 866 F.2d 1515, 1517 (D.C.Cir.1989) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)).

Given "the fundamental policy against federal interference with state criminal prosecutions[,]" *Younger*, 401 U.S. at 46, the court will dismiss the instant action. A separate order accompanies this memorandum opinion.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date:   April 30, 2020